UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x   Civil Action No.
FREEPLAY MUSIC, LLC,

                          Plaintiff,

      v.

RIGOL TECHNOLOGIES USA, INC. and
RIGOL TECHNOLOGIES, INC.

                          Defendant.
------------------------------------------------------------------------x

**COMPLAINT AND JURY DEMAND**

Plaintiff Freeplay Music, LLC ("FPM"), through its undersigned attorneys Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, complains of defendants RIGOL Technologies USA, Inc., ("RIGOL USA") and RIGOL Technologies, Inc. (''RIGOL CHINA") (collectively "RIGOL" or "Defendants") as follows:

## NATURE OF THE ACTION

1.     By this complaint, FPM - a music publisher that has invested and risked money, time, and energy to develop its catalogue of copyrights-seeks redress for RIGOL's direct, contributory and vicarious infringement of FPM's copyrighted works. RIGOL exploited, without authorization, five of FPM's copyrighted sound recordings and compositions by unauthorized copying and synchronization and benefited from the use of the recordings in connection with the advertisement of its products.

## PARTIES

2.     FPM is a Delaware limited liability company, with a principle place of business in New York, New York.

1

3. Upon information and belief, RIGOL CHINA is a multinational technology company headquartered at No. 156, Cai He Village, Sha He Town, Chang Ping District, Beijing, China.

4. Upon information and belief, RIGOL USA is a subsidiary or affiliate of RIGOL CHINA located in the United States.

5. Upon information and belief, RIGOL USA is a corporation for profit duly organized and existing by virtue of the laws of Ohio and maintains a principal place of business located at 8140 SW Nimbus Avenue, Beaverton, Oregon.

## JURISDICTION AND VENUE

6. FPM's claims arise under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338.

7. The Court has personal jurisdiction over RIGOL USA and RIGOL CHINA pursuant to New York Civil Practice Law and Rules §§ 302(1), (2) and (3) *et seq.* because upon information and belief, they derive substantial revenue from interstate commerce, conduct business over the internet, and have performed acts causing harm to FPM, including infringing copyrights belonging to FPM, a domiciliary of New York, which give rise to this action.

8. Upon information and belief, Defendant RIGOL USA continuously and systematically transacted business within the state of New York by selling, distributing and/or servicing its goods therein.

9. Upon information and belief, Defendant RIGOL USA has committed a tortious act of copyright infringement within the state of New York.

10. Upon information and belief, Defendant RIGOL USA has committed a tortious act of copyright infringement without the state of New York causing injury to FPM, a resident and domiciliary of New York.

11. Upon information and belief, Defendant RIGOL USA regularly does or solicits business, and engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed and services rendered, in the state of New York.

12. Defendant RIGOL USA expects or should reasonably expect its acts of copyright infringement to have consequences in the state of New York and derives substantial revenue from interstate or international commerce.

13. Upon information and belief, RIGOL USA has continuously and systematically transacted business within the State of New York by operating and maintaining an interactive website that allows for the transaction of business with customers located therein.

14. Upon information and belief, Defendant RIGOL CHINA continuously and systematically transacted business within the State of New York by selling, distributing and/or servicing its goods therein.

15. Upon information and belief, Defendant RIGOL CHINA has committed a tortious act of copyright infringement within the state of New York.

16. Upon information and belief, Defendant RIGOL CHINA has committed a tortious act of copyright infringement without the state of New York causing injury to FPM, a resident and domiciliary of New York.

17. Upon information and belief, Defendant RIGOL CHINA regularly does or solicits business, and engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed and services rendered, in the state of New York.

18. Defendant RIGOL CHINA expects or should reasonably expect its acts of copyright infringement to have consequences in the state of New York and derives substantial revenue from interstate or international commerce.

19. Upon information and belief, RIGOL CHINA has continuously and systematically transacted business within the state of New York by operating and maintaining an interactive website that allows for the transaction of business with customers located therein.

20. This court has supplemental jurisdiction over the New York common law claims asserted herein under 28 USC §§ 1331, 1332 and 1338.

21. Venue in this District is proper under 28 U.S.C. §§ 1391(d) and 1400(a).

**FPM AND ITS BUSINESS**

22. In 2001, Scott Schreer, one of America's most prolific and performed TV composers and producers, launched FPM, a high quality online music library. Schreer, whose credits include, among many others, the *NFL on Fox* theme, is also a contributing composer to a portion of FPM's catalogue.

23. FPM makes its catalogue available on its website for users to synchronize with audiovisual works. To download and use music, a user must obtain a license that corresponds to the intended type of use by the user (i.e., personal, commercial, etc.). The cost of such license varies depending on the type of use.

24. With over 200,000,000 impressions to its website as of 2013, FPM is one of the most widely trafficked production music libraries in the industry. Since August 2013, FPM has issued over 3.5 million licenses to the copyrighted music in its library.

25. All use of FPM's music requires a license.

26.     When a user logs on to FPM's website, http://www.freeplaymusic.com/, the user is presented with a variety of choices and thousands of musical works (i.e., sound recordings and the underlying musical compositions), all of which are available for certain types of exploitation. Once the user chooses the desired musical work and selects "Add to Cart," the user is prompted to choose a license type:



27.     The user cannot "Proceed to Checkout" without choosing a license type.

28.     Once the user chooses a license and decides to "Proceed to Checkout' a window opens displaying the "FPM License," requiring the user to enter an email address confirming that he or she has read the terms of the license.  A copy of the license is then e-mailed to the confirmation address entered by the user.

29.     Until 2013, any exploitation of FPM's music "posted on a website" required a paid license.  After 2013, a user could obtain a free license to use certain music in FPM's catalogue on YouTube, provided it was for "personal use only."  Any "business use" of FPM's music requires a paid license.

## THE RIGOL DEFENDANTS

30. Upon information and belief RIGOL is a multinational corporation engaged in the development, manufacturing, selling and servicing of electronic test equipment.

31. According to RIGOL's own website, https://www.rigolna.com/about-us/RIGOL, RIGOL has over four hundred employees, maintains offices in China, Germany and the United States of America and does business in over sixty countries.

32. Upon information and belief, RIGOL markets its products in various ways, including through audio-visual works. Upon information and belief, RIGOL has published some of these audio-visual works on different internet sites, including, but not limited to, the internet site hosted by YouTube.

## THE FPM COPYRIGHTS AT ISSUE AND RIGOL'S UNAUTHORIZED EXPLOITATION

33. FPM is the exclusive owner of the registered copyrights (the "FPM Copyrights") in and to the musical compositions and sound recordings (the "FPM's Copyrighted Music") set forth below:

   a) "Highway Five", Registration No. 337-205;

   b) "Can Do", Registration No. 333-637;

   c) "English Channel", Registration No. 335-678;

   d) ''Topaz", Registration No. 337-144;

   e) "Clear", Registration No. 333-651;

Copyright Certifications for FPM's Copyrighted Music are sequentially annexed hereto as **Exhibits "A"-"E"**.

34. From March 5, 2014 to February 7, 2017, RIGOL has engaged in at least five uses of the FPM Copyrights.

6

a) FPM's copyrighted musical work "Highway Five" was exploited on the www.youtube.com website.

b) FPM's copyrighted musical work "Can Do" was exploited on the www.youtube.com website.

c) FPM's copyrighted musical work "English Channel" was exploited on the www.youtube.com and www.facebook.com/RIGOL.Technologies websites.

d) FPM's copyrighted musical work "Topaz" was exploited on the www.youtube.com and www.facebook.com/RIGOL.Technologies websites.

e) FPM's copyrighted musical work "Clear" was exploited on the www.youtube.com and www.facebook.com/RIGOL.Technologies websites.

35. Upon information and belief, RIGOL created, posted, or caused to be posted, the videos identified in the preceding paragraph.

36. RIGOL did not receive a license to exploit any of FPM's Copyrighted Music.

37. Upon information and belief, RIGOL copied and publicly performed FPM's Copyrighted Music, through among other things, digital transmissions on the websites set forth above.

38. Upon information and belief, at all relevant times, RIGOL maintained editorial control for content performed and/or copied on the websites set forth above.

39. On multiple occasions FPM's agent, TuneSat, LLC ("TuneSat") and others acting on its behalf, sent correspondence to RIGOL identifying RIGOL's use of FPM's Copyrighted Music, and requesting that RIGOL contact TuneSat to either provide proof of its valid use of FPM's Copyrighted Music or to resolve, what is otherwise, RIGOL 's copyright infringement.

40. Despite being notified that it was using FPM's Copyrighted Music without authorization, RIGOL willfully and intentional ignored FPM's correspondence and continued to use the Copyrighted Music without authorization from FPM.

### COUNT I

### COPYRIGHT INFRINGEMENT
(Against Both RIGOL CHINA and RIGOL USA)

41. FPM incorporates the allegations set forth in paragraphs 1 through 40 hereof, inclusive, as though the same were set forth herein.

42. This cause of action arises under 17 U.S.C. § 501.

43. Each of the FPM Copyrights were registered with the United States Copyright Office either by FPM or its predecessor-in-interest.

44. At all times relevant, FPM has owned FPM's Copyrighted Music and has been the only owner of the exclusive rights provided under 17 U.S.C. § 106.

45. Each of the musical works covered by the FPM Copyrights is an original work of authorship and constitutes copyrightable subject matter within the meaning of 17 U.S.C. § 102.

46. FPM has never granted RIGOL the right, or otherwise authorized RIGOL, to exploit FPM's Copyrighted Music.

47. By creating, copying, synchronizing and publishing videos containing FPM's Copyrighted Music, RIGOL's acts violate FPM's exclusive rights under 17 U.S.C. §106.

48. RIGOL's infringement of the FPM Copyrighted Music is and has been willful, intentional, purposeful, and/or in disregard of FPM's rights.

49. By reason of Defendants' continued willful infringement, FPM has sustained and will continue to sustain substantial injury, loss and damage to its ownership rights in FPM's Copyrighted Music.

50. By reason of Defendants' willful infringement, FPM has sustained irreparable harm that cannot be remedied by monetary damages alone.

51. FPM is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives, and all persons acting in concert with them, from further engaging in such acts of copyright infringement.

52. Pursuant to 17 U.S.C. § 504(c), FPM is further entitled to recover from Defendant up to $150,000.00 in statutory damages for each work as a result of Defendant's acts of copyright infringement. Such damages are not readably ascertainable but — based on the pervasive and willful nature of the infringement - are believed to be in excess of one million five hundred thousand dollars ($1,500,000).

53. Pursuant to 17 U.S.C. § 505, FPM is further entitled to recover from Defendants the reasonable attorney's fees and legal costs incurred as a result of Defendants' acts of copyright infringement.

## COUNT II

### VICARIOUS COPYRIGHT INFRINGEMENT
(Against RIGOL CHINA)

54. FPM incorporates the allegations set forth in paragraphs 1 through 53 hereof, inclusive, as though the same were set forth herein.

55. Upon information and belief RIGOL CHINA is a parent company of RIGOL USA.

56. Upon information and belief, RIGOL USA is a wholly owned subsidiary of RIGOL CHINA.

57. Upon information and belief, RIGOL CHINA dominates the management of RIGOL USA.

58. Upon information and belief, at all times relevant to this Complaint, RIGOL CHINA had the right and ability to supervise and/or control the infringing conduct of its subsidiary, RIGOL USA, due to parent-subsidiary relationship between the companies, but it has failed to exercise such supervision and/or control.

59. As a direct and proximate result of such failure, RIGOL USA has infringed FPM's Copyrighted Music, as set forth above.

60. Upon information and belief, at all times relevant to this Complaint, RIGOL CHINA derived substantial financial benefit from infringements of FPM's copyrights by RIGOL USA.

61. The above-mentioned acts of infringement by RIGOL have been willful, intentional and purposeful in disregard of, and with indifference to, the rights of FPM.

62. RIGOL CHINA's conduct, as alleged, constitutes vicarious infringement of plaintiffs' copyrights and exclusive rights under copyright, in violation of 17 U.S.C. § 106, 17 U.S.C. § 115, and 17 U.S.C. § 501.

63. As a direct and proximate result of RIGOL CHINA's vicarious infringement of FPM's copyrights, FPM is entitled to damages pursuant to 17 U.S.C. § 504(b) for each work infringed.

64. Pursuant to 17 U.S.C.§ 504(c), FPM is further entitled to recover from RIGOL CHINA up to $150,000.00 in statutory damages for each work as a result of RIGOL CHINA'S acts of vicarious copyright infringement. Such damages are not readily ascertainable but - based on the pervasive and willful nature of the infringement - are believed to be in excess of one million five hundred thousand dollars ($1,500,000).

65. Pursuant to 17 U.S.C. § 504, FPM is further entitled to recover from Defendant RIGOL CHINA the reasonable attorneys' fees and legal costs incurred as a result of Defendant RIGOL CHINA's acts of vicarious copyright infringement.

## COUNT III

## CONTRIBUTORY COPYRIGHT INFRINGEMENT
(Against Both RIGOL CHINA and RIGOL USA)

66. FPM incorporates the allegations set forth in paragraphs 1 through 65 hereof, inclusive, as though the same were set forth herein.

67. Upon information and belief, Defendants knowingly and systematically induced, caused, materially contributed to, had reason to know of and participated in, the infringement of FPM's exclusive rights under 17 U.S.C. § 106 by the unauthorized copying, reproduction, synchronization, distribution and/or performance of FPM's Copyrighted Music by Defendants' affiliates, subsidiaries, and/or parent company in video advertisements and video content located on websites owned or controlled by such affiliates, subsidiaries, and/or parent company, and on the popular YouTube social media websites (www.youtube.com and www.facebook.com) and other websites owned or controlled by Defendants.

68. Defendants' affiliates, subsidiaries, and/or parent company used FPM's Songs, without authorization or license, to advertise, market, and promote their respective goods and services.

69. At no time has FPM authorized Defendants, their affiliates, subsidiaries and/or parent company to copy, reproduce, synchronize, distribute and/or perform any of FPM's Copyrighted Music.

70. Shortly after FPM became aware of the unauthorized and unlicensed use of FPM's Copyrighted Music by Defendants, their affiliates, subsidiaries, and/or parent company, it contacted Defendants and demanded that Defendants cease and desist their infringing activities.

71. FPM's agent and copyright administrator, TuneSat, LLC, sent multiple letters to Defendants alerting Defendants that their affiliates, subsidiary, and/or parent company were engaged in unauthorized and unlicensed use of FPM's Copyrighted Music and demanded that they cease and desist from all such unauthorized uses.

72. Upon information and belief, despite receipt of multiple "cease and desist" notices, Defendants failed and willfully refused to stop their affiliates, subsidiary, and/or parent company from engaging in unauthorized use of FPM's Copyrighted Music.

73. Upon information and belief, despite being on notice that the uses of FPM's Copyrighted Music by Defendants, their affiliates, subsidiaries, and/or parent company were not authorized, Defendants continued to allow their acts of infringement and use of FPM's Copyrighted Music to advertise, market and/or promote their respective goods and services.

74. Upon information and belief, through their actions and/or inaction, Defendants knowingly induced, caused or materially contributed to copyright infringement by the other and each should be held liable as a contributory infringer.

75. Defendants contributed to the violation of FPM's rights under 17 U.S.C. §501.

76. Pursuant to 17 U.S.C.§ 504(c), FPM is further entitled to recover from Defendant up to $150,000.00 in statutory damages for each work as a result of Defendants' acts of contributory copyright infringement. Such damages are not readably ascertainable but - based on the pervasive and willful nature of the infringement - are believed to be in excess of one million five hundred thousand dollars ($1,500,000).

77. Pursuant to 17 U.S.C .§ 504, FPM is further entitled to recover from Defendants the reasonable attorneys' fees and legal costs incurred as a result of Defendants' acts of contributory copyright infringement.

## COUNT IV

### UNJUST ENRICHMENT
(Against Both RIGOL CHINA and RIGOL USA)

78. FPM incorporates the allegations set forth in paragraphs 1 through 77 hereof, inclusive, as though the same were set forth herein.

79. Upon information and belief, Defendants, without the consent of FPM, exploited FPM's Copyrighted Music by creating, copying, synchronizing and publishing videos containing FPM's Copyrighted Music.

80. Defendants' acts violate FPM's exclusive rights under 17 U.S.C. §106.

81. Defendants' infringement of FPM Copyrighted Music is and has been willful, intentional, purposeful, and/or in disregard of FPM's rights.

82. By reason of Defendants' acts as alleged above, Defendants have been unjustly enriched at FPM's expense under such circumstances that in equity and good conscience require that Defendants should make restitution to FPM.

83. The amount of damages resulting from Defendants' unjust enrichment are not readably ascertainable but - based on the pervasive and willful nature of the infringement - are believed to be in excess of one million five hundred thousand dollars ($1,500,000).

**PRAYER FOR RELIEF**

WHEREFORE, FPM respectfully prays for judgment against Defendants as follows:

1) Enter judgment that Defendants have infringed the copyrights in and to FPM's Copyrighted Music pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, et seq.;

2) Enter a permanent injunction ordering Defendants and each of its agents, officers, employees, representatives, successors, assign, attorneys and all other person acting for, or on behalf of, Defendants, or in concert or participation with Defendants, be preliminarily and permanently enjoined from reproducing, publicly distributing, publicly performing, publicly displaying, publicly performing or preparing derivative works based on, or in any other way using FPM's Copyrighted Music;

3) Enter judgment that Defendants have contributorily infringed the copyrights in and to FPM's Copyrighted Music pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.;*

4) Enter judgment that Defendant RIGOL CHINA has vicariously infringed FPM's Copyrighted Music pursuant to the U.S. Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.;*

5) Enter judgment that Defendants were unjustly enriched by infringing the copyrights in and to FPM's Copyrighted Music and should make restitution to FPM in an amount not readily ascertainable but believed to be in excess of one million five hundred thousand dollars ($1,500,000).

6) Order that FPM be awarded, at its election, all damages caused by the acts forming the basis of this Complaint, including without limitation an award of statutory

damages pursuant to 17 U.S.C. § 504 and actual damages in an amount not readily ascertainable but believed to be in excess of one million five hundred thousand dollars ($1,500,000);

7) Order that Defendants be required to pay to FPM the costs of this action and FPM's reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

8) Order that Defendants be required to pay to FPM prejudgment interest at the statutory rate; and

9) Grant all such other and further relief to FPM as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

FPM requests a trial by jury on all issues so triable.

Dated: Lake Success, New York
November 21, 2018

**ABRAMS FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARONE, LLP**

By: /s/ Seth L. Berman
Seth L. Berman, Esq.
3 Dakota Drive, Suite 300
Lake Success, New York 11042
(516) 328-2300
sberman@abramslaw.com
*Attorneys for Plaintiff*

TO: RIGOL TECHNOLOGIES, INC.
No. 156, Cai He Village
Sha He Town, Chang Ping District
Beijing, China

RIGOL TECHNOLOGIES USA, INC.
8140 SW Nimbus Avenue
Beaverton, Oregon 97008