# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
FREEPLAY MUSIC LLC,                          :
                                             :    Civil Action No.: 1:18-cv-10980-ER
         Plaintiff                           :
                                             :
                                             :
                                             :
         v.                                  :
                                             :
RIGOL TECHNOLOGIES USA INC. and              :
RIGOL TECHNOLOGIES, INC.                     :
                                             :
         Defendants                          :
------------------------------------------------------------X

**RIGOL TECHNOLOGIES, INC.'S REPLY MEMORANDUM TO PLAINTIFF
FREEPLAY MUSIC LLC'S RESPONSE**

RIGOL Technologies, Inc. ("RIGOL China") submits the following reply memorandum to Plaintiff Freeplay Music LLC's ("Plaintiff" or "Freeplay") response to the motion to dismiss. Plaintiff's response is riddled with mischaracterizations, the most flagrant of which RIGOL China has corrected below. RIGOL China relies on its memorandum of law in support of its motion to dismiss to refute Freeplay's response as if it were set forth here at length.

   **I.   Federal Rule of Civil Procedure 4(k)(2) is inapplicable.**

Federal Rule of Civil Procedure 4(k)(2) provides:

> Federal Claim Outside State-Court Jurisdiction. For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Personal jurisdiction was not established on RIGOL China because (1) RIGOL China was never served, only an employee of RIGOL USA was served with the summons and (2) RIGOL China may be subject to the jurisdiction of other states, and in particular Oregon, given its extensive business contacts and dealings in that state, i.e., sales to RIGOL USA. RIGOL China's motion to dismiss and the accompanying declarations clearly demonstrate RIGOL China has insufficient contacts within New York. If RIGOL China is subject to personal jurisdiction within the U.S., the personal jurisdiction is with Oregon.

In any event, as addressed at length in RIGOL China's motion, exercising jurisdiction in New York is not consistent with the United States Constitution and laws.

## II. Freeplay's Mischaracterizations

### A. The number of works at issue in this case is five, with the works being used in 41 videos, not 170.

In what appears to be a pattern of conduct on the part of Freeplay[1], it misguides the Court by stating throughout its response that it would have been entitled to license fees for 170 uses of copyrighted music. Freeplay's initial communication to RIGOL China claimed there were 170 URL links to allegedly infringing videos. However, many of these URL were duplicates. There were only 90 unique URL links which linked to only 41 videos. Within these videos, only five (5) allegedly infringing songs were used.

### B. RIGOL USA always maintained control over its website.

Contrary to the assertions of Plaintiff, RIGOL USA has always retained control over the content of its website. RIGOL USA and RIGOL China have always remained consistent in their

---

[1] In *Freeplay Music LLC v. Nian Infosolutions Private Ltd.*, 16 Civ. 5883 (JGK)(RWL)(S.D.N.Y. July 10, 2018) ("Nian"), the court recognized, "Freeplay misled the Court with its Complaint and its papers in support of default judgment by alleging in its Complaint and papers that it was asserting infringement of 115 (or 124) separate works." In that case, the actual number of works at issue was only 37. *See Nian* at p. 3.

position that the alleged infringing videos were initially created by RIGOL China. RIGOL China sent the videos to RIGOL USA for RIGOL USA's use in the United States, to use at RIGOL USA's discretion. RIGOL USA edited the videos, produced voice-over and chose to publish the videos on its website and various social media pages as it deemed appropriate. There is no incongruency here, and Plaintiff's attempt to confuse the Court on this issue underlines that Plaintiff is grasping at straws.

### C. Freeplay ignores facts and continues to claim alleged infringement was willful.

RIGOL China removed all links of which it was aware within 60 days of receipt of the cease and desist letter from Tunesat. However, a later discovered video was posted by an unaffiliated Polish distributor of RIGOL China. RIGOL China is unaware of any evidence that the video was *re-posted* after receipt of the cease and desist letter, as alleged by Freeplay. After having been advised of its existence, RIGOL Technologies EU GmbH advised the distributor to remove the video, which the distributor promptly did. Despite having received this good faith explanation, Plaintiff continues to push the false narrative that the Polish distributor's postings of the videos somehow demonstrate willful infringement by the Defendants.

Additionally, RIGOL China was open to negotiate an appropriate settlement for the five works which were allegedly used in short video advertisements, but Freeplay's demand was exorbitant, especially in light of the fact the music was simple background music that contained nothing special or distinctive. Freeplay's claim that RIGOL China refused to purchase a retroactive license is inaccurate.

### D. Circumstances of service are mischaracterized.

Chris Armstrong, Director of Product Marketing & Software Applications at RIGOL Technologies USA ("RIGOL USA"), was not authorized to accept service on behalf of RIGOL

3

China.  Plaintiff's affidavit of service falsely states Chris Armstrong indicated he was authorized to accept service on behalf of RIGOL Technologies, Inc. (RIGOL China).  In reality, the process server misled Chris Armstrong by asking him to accept service on behalf of "RIGOL" and intentionally not differentiating between RIGOL Technologies Inc. and RIGOL Technologies USA, Inc. *See* Exhibit C.

Additionally, Plaintiff states Mr. Yue represented that Armstrong did not advise RIGOL China of the lawsuit (pg. 24 of Plaintiff's response).  Mr. Yue made no such statement.  He merely stated that, until January 17, 2019, RIGOL China was unaware Freeplay Music LLC represented to the Court that it had served the Complaint on RIGOL China.  *See* Paragraph 5 of Exhibit A.

### E.  Revenue has been mischaracterized.

Contrary than what is stated by Plaintiff, RIGOL China does not deny that it derives revenue from sales in the U.S.  A vast majority of RIGOL China's products sold to the U.S. are sold to RIGOL USA, located in the State of Oregon.  Therefore, RIGOL China derives a significant amount of revenue from the State of Oregon.  RIGOL China has not derived substantial revenue from New York.

### F.  RIGOL China has no U.S. distributors other than RIGOL USA.

Plaintiff falsely claims RIGOL China has two distributors in New York (pg. 13 of Plaintiff's Response) when it is quite clear those two distributors are distributors of RIGOL USA.  RIGOL USA's website indicates the two New York distributors are its distributors.  *See* RIGOL USA website page as shown in Plaintiff's Exhibit D in its response.  RIGOL China does not have distributors in New York.

### III.  Conclusion

     RIGOL China submits that the exercise of personal jurisdiction over it is not appropriate in this case. Furthermore, proper service has not been effectuated on RIGOL China. Accordingly, RIGOL China respectfully requests that this Honorable Court grant the instant motion to dismiss.

                                            Respectfully submitted,

                                            Ryder, Mazzeo & Konieczny LLC

Date: <u>May 28, 2019</u>                  By: <u>/FrankAMazzeo/</u>
                                            Frank A. Mazzeo
                                            808 Bethlehem Pike, Suite 200
                                            Colmar, PA 18915
                                            Tel: (215) 997-0248
                                            Fax: (215) 997-0266
                                            fmazzeo@rmkiplaw.com
                                            *Attorney for Defendant RIGOL China*

## **CERTIFICATE OF SERVICE**

The undersigned certifies a true and correct copy of the foregoing Reply Memorandum, was served this date via ECF and email upon the following:

Seth Lawrence Berman, Esq.
Abrams, Fensterman, Fensterman, Eisman,
Formato, Ferrara, Wolf and Carrone LLP
3 Dakota Drive
Suite 300
Lake Success, NY 11042
sberman@abramslaw.com

Date:   May 28, 2019                                                By: /BethAnnePowers/
                                                                    Beth Anne Powers